Hooper v. Docking.

No. 27,169.

F. G. Hooper, *Appellee*, v. William Docking, Receiver of the Belvue State Bank, *Appellant* (David V. Weeks and Beatrice Weeks, *Defendants*).

SYLLABUS BY THE COURT.

Bills and Notes—*Ownership—Sufficiency of Evidence.* The proceedings considered, and held, findings of fact relating to ownership of a note and mortgage were sustained by evidence.

Appeal from Pottawatomie district court; Martin A. Bender, judge. Opinion filed February 12, 1927. Affirmed.

*William E. Smith* and *W. F. Challis,* both of Wamego, for the appellant.
*A. E. Crane, B. F. Messick* and *A. H. Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by the holder of a promissory note given to the Belvue State Bank, to recover from the makers and to foreclose a real-estate mortgage securing the note. The makers defended on the ground the note was procured by fraud. The receiver of the bank was a party to the action, and claimed the note was the property of the bank. Plaintiff recovered, and the receiver appeals.

The cashier of the bank indorsed the note without recourse to himself, and subsequently indorsed and delivered the note to the First National Bank of St. Marys. The cashier was acting for his bank, and not for himself. The note with other collateral was used to obtain money for the Belvue bank, and the full value of the note and other collateral was received by that bank. Subsequently, the St. Marys bank became owner of the paper. The mortgage was a second mortgage, and the note and mortgage had been carried by

the Belvue bank as real estate. A bank examiner advised the St. Marys bank it could not make loans on second mortgages. The cashier of the St. Marys bank then took the note and mortgage to Belvue, and stated the circumstances to plaintiff, who was president of the Belvue bank. Plaintiff gave the St. Marys bank his personal note for the instruments, and they were delivered to him. The court found specifically that the maker's claim of infirmity was not supported by evidence, that the St. Marys bank became owner of the paper for value, before maturity, and without notice of infirmity, and that plaintiff became a holder in due course by purchase from the St. Marys bank.

No question of law is involved. The single question is whether the receiver's claim that the note and mortgage belong to the Belvue bank should be sustained notwithstanding the findings of fact. The fact that the cashier of the Belvue bank was acting for his bank and not for himself when the note and mortgage were delivered to the St. Marys bank, was abundantly proved. The officers of the St. Marys bank testified positively that, although the paper first came to that bank as collateral, the bank subsequently became full owner, and that they paid $3,000, the face of the note, for the note and mortgage. There is no dispute about how plaintiff acquired title.

The findings of fact were well sustained by the evidence, and the judgment of the district court is affirmed.